IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Merow)

———————————————

No. 06-421 T

SEQUOIA CAPITAL INVESTMENTS, LLC, by and through
ROBERT S. GREISMAN, LLC and ADRIANA M. GREISMAN on behalf of ZIP CAT
INVESTMENTS, LLC, Partners Other than the Tax Matters Partner,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

———————————————

ANSWER

———————————————

The defendant, the United States, by and for its first defense to the plaintiffs' complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Denies that Sequoia Capital Investments, LLC ("Sequoia") is a valid partnership for federal tax purposes. Admits the allegations in the first sentence of paragraph 1, except to deny the implied allegation that plaintiffs are entitled to relief. Admits the remaining allegations of paragraph 1.

2. Admits that paragraph 2 is plaintiffs' statement of their claim. Denies that plaintiffs are entitled to relief. Denies that Sequoia is a valid partnership for federal tax purposes. By way

of further answer, states that the Court lacks jurisdiction to order a return or refund of plaintiffs' deposit.

3. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation of the second sentence of paragraph 3. Denies the allegations of the third sentence of paragraph 3. By way of further answer, states that Sequoia's taxpayer identification number is 13-4091017 and that Sequoia's partnership return for the 2000 year was filed at the Internal Revenue Service Center in Holtsville, NY.

4. Denies that Sequoia is a valid partnership for federal tax purposes. Admits that Sentinel Advisors, LLC, was designated the tax matters partner of Sequoia on its 2000 partnership return. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

5. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Denies that Sequoia is a valid partnership for federal tax purposes. Admits that Zip Cat Investments, LLC ("Zip Cat") is listed as a notice partner on Sequoia's partnership return for the year 2000, with an employer identification number of 36-4332246.

7-8. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 7 and 8.

9. Admits that Robert Greisman is an individual whose social security number is ███████. Further admits that Robert Greisman and Adrianna M. Greisman filed a joint

federal income tax return for the period ending December 31, 2000. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10. Admits that the defendant is the United States of America. States that the remaining allegations of paragraph 10 require no response.

11. Admits that the amount of $462,000 was credited to the tax account for the period ending December 31, 2000, of Robert Greisman on October 27, 2005. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. States that jurisdiction exists, if at all, pursuant to 28 U.S.C., § 1508.

13. Admits that plaintiffs dispute the adjustments set forth in the Notice of Final Partnership Administrative Adjustment (FPAA). Denies that plaintiffs are entitled to any relief. Denies the remaining allegations in paragraph 13.

9.[1]  Defendant responds to plaintiffs' averments of facts and mixed matters of fact and law as follows:

    a. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9a.

    b-c. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 9b-c.

---

[1]Plaintiffs have mistakenly designated paragraph 14 as "9." In order to closely follow plaintiffs' complaint, defendant will use plaintiffs' duplicate designation in its responses to the subparagraphs of the complaint.

   d. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9d.

   e. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 9e.

   f. Denies that Sequoia is a valid partnership for federal tax purposes. States that the remaining allegations of paragraph 9f is a conclusion of law to which no response is required.

   g-h. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 9g-h.

   i. States that the allegations of paragraph 9i is a conclusion of law to which no response is required.

   j. Denies the allegations of paragraph 9j.

   k. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9k.

   l-m. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 9l-m.

   n-o. Denies the allegations of paragraphs 9n-o.

   p-q. Denies that Sequoia was a valid partnership for federal tax purposes. Further denies the obligations were contingent. States that defendant's answering attorneys lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 9p-q.

 r. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9r.

 s-v. Denies that Sequoia was a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 9s-v.

 w. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9w.

 x-z. Denies that Sequoia was a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 9x-z.

 aa. Denies the allegations of paragraph 9aa as a conclusion of law.

 bb. Denies that Sequoia was a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9bb.

 cc. Admits that Sequoia filed a Form 1065 partnership return. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9cc.

 dd. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of paragraph 9dd.

ee. Denies that Sequoia is a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9ee.

n.[2] Denies that Sequoia is a valid partnership for federal tax purposes. Admits that Sequoia filed a Form 1065 for the year 2000 on or about April 15, 2001. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9n.

o. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9o.

p. Admits that the IRS issued Sequoia an FPAA dated December 30, 2005. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9p.

r. Denies the characterization of the FPAA in that the document speaks for itself.

s. Admits that among the explanation of items attached as Exhibit A to the FPAA, the Service determined, "pursuant to § 1.701-2 of the Income Tax Regulations," Sequoia "was formed and availed of in connection with a transaction or transactions in its taxable year ended December 31, 2000 a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code."

---

[2]Plaintiffs have mistakenly designated subparagraph 14ff and following as beginning with "n." In order to closely follow plaintiffs' complaint, defendant will use plaintiffs' duplicate designations.

t-u.  States that the averments in paragraphs 9t and 9u are argumentative and no response is required.

v-w.  Denies the allegations of paragraphs 9v and 9w.

x.  Admits that among the explanation of items attached as Exhibit A to the FPAA, the Service "determined that neither Sequoia nor its purported partners have established the existence of Sequoia as a partnership as a matter of fact."  Denies the remaining allegations of paragraph 9x as characterizations of the FPAA which speaks for itself.

y-ag.  Denies the allegations of paragraphs 9y through 9ag.

ah.  Admits that the eleventh ground stated in the explanation of items attached as Exhibit A to the FPAA determined that accuracy-related penalties should be imposed.  Denies the remaining allegations of paragraph 9ah.

ai-ao.  Denies the allegations of paragraphs 9ai through 9ao.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiffs, determining that the adjustments made by the FPAA issued with respect to Sequoia's partnership items for the period ending December 31, 2000, are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

    Respectfully submitted,

    _s/ David R. House_
    DAVID R. HOUSE
    Attorney of Record
    U.S. Department of Justice - Tax Division
    Court of Federal Claims Section
    Post Office Box 26
    Ben Franklin Station
    Washington, D.C.  20044
    (202) 616-3366
    (202) 540-9440 (facsimile)

    EILEEN J. O'CONNOR
      Assistant Attorney General
    DAVID GUSTAFSON
      Chief, Court of Federal Claims

    _s/ David Gustafson_